Karen P. Hewitt (State Bar No. 145309)
kphewitt@jonesday.com
Kelly V. O'Donnell (State Bar No. 257266)
kodonnell@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA  92121-3134
Telephone:  858.314.1200

Rajeev Muttreja *(admitted pro hac vice)*
rmuttreja@jonesday.com
JONES DAY
250 Vesey Street
New York, NY  10281
Telephone:  212.326.3939

Eric Tung (State Bar No. 275063)
etung@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA  90071
Telephone:  213.489.3939

Attorneys for Defendants Abbott Laboratories, Inc., Abbott Cardiovascular Systems Inc., and Abbott Vascular Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*; *ex rel.* EVEREST PRINCIPALS, LLC,<br><br>Plaintiffs and Relator,<br><br>v.<br><br>ABBOTT LABORATORIES, INC. a/k/a ABBOTT LABORATORIES, ABBOTT CARDIOVASCULAR SYSTEMS INC., and ABBOTT VASCULAR INC.<br><br>Defendants. | Case No. 3:20-cv-0286-W-AGS<br><br>**RESPONSE TO PLAINTIFF-RELATOR'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Ctrm:  3C – Hon. Thomas J. Whelan |

1       Relator cites *U.S. ex rel. Chao v. Medtronic PLC*, No. 17-cv-1903 (C.D. Cal. Feb. 23, 2022) to suggest that the allegations of the First Amended Complaint ("FAC") are sufficiently plausible. *See* Dkt. 50 at 2. But the *Medtronic* decision is inapposite and fails to help Relator for several reasons.

      At the outset, the allegations in *Medtronic*—and thus the actual basis for the court's decision—are plainly distinguishable from the allegations here. In *Medtronic*, the relator alleged that the defendant paid doctors in **excess** of fair market value for their proctoring services, as part of a purported kickback scheme to induce doctors to order the defendant's medical devices. The relator claimed, among other things, that the defendant "routinely paid doctors . . . a $3,200 stipend based on eight hours per day at $400 per hour for a procedure that is known to take less than two hours." Dkt. 50 Ex. A at 9 (citing *Medtronic* Third Am. Compl. ¶ 133). The court concluded that the relator's allegations—which provided specific figures as to actual payment rates and average procedure length—were sufficiently detailed to stave off dismissal. *See id.*

      Nothing of the sort is alleged here. Relator's FAC fails to allege even in conclusory fashion—let alone with factual details like those the court pointed to in *Medtronic*—that any fees offered to physicians (*e.g.*, for speaking at educational programs) exceeded fair market value. Relator's FAC simply applies conclusory labels—"sham," "lavish," etc.—to lawful activities that plainly had a legitimate purpose (such as education). Such bare assertions do not suffice and, contrary to Relator's view, do not render its fraud claims "equally plausible." *See* Defs.' Mem. 19-20; Reply Br. 1, 8. *Medtronic* only underscores these deficiencies in the FAC.

      Similarly, Relator's reliance on dicta in *Medtronic* that "some fair-market-value payments" could potentially qualify as a kickback is misplaced. Dkt. 50 at 1 (quoting Dkt. 50 Ex. A at 12). This dicta concerned the Anti-Kickback Statute's "personal services" safe harbor, which is neither raised by Relator's FAC nor mentioned in either party's briefing on Defendants' motion to dismiss. *See* Dkt. 50

ABBOTT'S RESPONSE TO PLAINTIFF-RELATOR'S NOTICE OF SUPPLEMENTAL AUTHORITY

Ex. A at 12.  Moreover, *Medtronic* stated that fair market value payments may be improper when coupled with something more, *e.g.*, if they depend on "the volume of reimbursable business," *id.*, something Relator does not even allege.

Finally, even if fair market value payments could be deemed kickbacks—a proposition many courts in this circuit have rejected, *see* Defs.' Mem. 19-20—*Medtronic* has no bearing on the FAC's many additional defects that are independently sufficient to warrant dismissal:  *e.g.*, the lack of sufficient allegations supporting the submission of false claims (Defs.' Mem. 7-10; Reply Br. 1-4), causation (Defs.' Mem. 13-15; Reply Br. 5-7), and scienter (Defs.' Mem. 22-25; Reply Br. 9-10).

Dated: March 8, 2022        JONES DAY

By:  */s/ Karen P. Hewitt*
        Karen P. Hewitt

Karen P. Hewitt (State Bar No. 145309)
kphewitt@jonesday.com
Kelly V. O'Donnell (State Bar No. 257266)
kodonnell@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA  92121.3134
Telephone: 858.314.1200

Rajeev Muttreja *(admitted pro hac vice)*
rmuttreja@jonesday.com
JONES DAY
250 Vesey Street
New York, NY  10281
Telephone: 212.326.3939

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Eric Tung (State Bar No. 275063)
etung@jonesday.com
JONES DAY
555 South Flower St., Fiftieth Floor
Los Angeles, CA  90071
Telephone: 213.489.3939


Attorneys for Defendants
Abbott Laboratories, Inc., Abbott Cardiovascular Systems Inc., and Abbott Vascular Inc.