| | |
|---|---|
| 1 | Chiharu G. Sekino (SBN 306589) |
| 2 | **MILLER SHAH LLP** |
|   | 1230 Columbia Street, Suite 1140 |
| 3 | San Diego, CA 92101 |
| 4 | Telephone: (619) 235-2416 |
|   | Facsimile: (866) 300-7367 |
| 5 | Email: cgsekino@millershah.com |
| 6 | |
|   | *Attorneys for Plaintiff-Relator* |
| 7 | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | UNITED STATES OF AMERICA; the States of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, and WASHINGTON; the DISTRICT OF COLUMBIA; ex rel., EVEREST PRINCIPALS, LLC, | Case No.: 3:20-cv-00286-W-AGS |
| | | **RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| | | Ctrm: 3C – Hon. Thomas J. Whelan |
| | Plaintiffs and Relator, | |
| | v. | |
| | ABBOTT LABORATORIES, INC. a/k/a ABBOTT LABORATORIES, ABBOTT CARDIOVASCULAR SYSTEMS, INC., and ABBOTT VASCULAR, INC., | |
| | Defendants. | |

Defendants have submitted the Eighth Circuit's recent decision in *U.S. ex rel. Cairns v. D.S. Medical LLC, et al.*, No. 20-2445 (8th Cir. July 26, 2022), in support of their position that, to establish False Claims Act ("FCA") claims based on violations of the Anti-Kickback Statute ("AKS"), Relator "must allege and ultimately prove that the claims [for reimbursement] 'would not have included particular items or services absent the illegal kickbacks.'" ECF No. 54 ("Notice"), at 1.  The Eighth Circuit held in *Cairns* that "when a plaintiff seeks to establish falsity or fraud through the 2010 amendment [to the AKS], it must prove that a defendant would not have included particular 'items or services' but for the illegal kickbacks." Notice, Ex. A, at 14.[1] *Cairns* is not applicable to this Court's analysis of Defendants' motion to dismiss ("Motion") for at least two reasons.

*First*, *Cairns* contradicts the views of this Circuit, and the First, Third, Fifth, Seventh, and Tenth Circuits.  As discussed in Relator's opposition to Defendants' Motion, these Circuits hold that, to establish an AKS-based FCA claim, a relator "need only prove that 'one purpose' of remuneration is to induce a person to use a service for which payment is made under a federal health care program." ECF No. 48 ("Opp."), at 21-22 (quoting *United States v. TEVA Pharms. USA, Inc.*, 2016 WL 750720, at *17 (S.D.N.Y. Feb. 22, 2016) (citing cases)).  In *Greenfield*, the Third Circuit clarified that, under the "one purpose" paradigm, a relator need not prove that a false claim would not have been made without a kickback; only a "link" is required. *See Greenfield*, 880 F.3d at 98.  It also addressed *Burrage v. United States*, 571 U.S. 204 (2014) and rejected the "ordinary meaning" argument credited in *Cairns* and advocated by Defendants because of, among other things, its "incongruous results"

---

[1] As the Third Circuit explained in *United States ex rel. Greenfield v. Medco Health Sols., Inc.*, the 2010 amendment to the AKS "clarif[ied], [but did] not alter, existing law that claims for payment made pursuant to illegal kickbacks are false under the False Claims Act." 880 F.3d 89, 95 (3d Cir. 2018) (brackets in original).

and the "drafters' intentions." *Id.* at 96.[2]  The Ninth Circuit has yet to comment on *Greenfield*, but the First Circuit followed it in *Guilfoile v. Shields*, 913 F.3d 178 (1st Cir. 2019).

The Eighth Circuit expressly departed from *Greenfield* in *Cairns* because, as it explained, the Third Circuit "rel[ied] on legislative history and 'the drafters' intentions' to interpret the statute." Notice, Ex. A, at 14.  The Ninth Circuit, however, followed the Third Circuit's "one purpose" paradigm precisely because of the "legislative history" and the "drafters' intentions" spurned in *Cairns*.  *See United States v. Kats*, 871 F.2d 105, 108 (9th Cir. 1989) (explaining the Third Circuit's "interpretation [in *United States v. Greber*, 760 F.2d 68, 69 (3d Cir.1985)] is consistent with the legislative history" and discussing that legislative history).  The other Circuits are in accord with the Ninth and Third Circuit's approach.  *See United States v. McClatchey*, 217 F.3d 823, 835 (10th Cir. 2000) ("This court agrees with the sound reasoning in *Greber*"); *United States v. Borrasi*, 639 F.3d 774, 782 (7th Cir. 2011) ("We find the reasoning of the Third, Fifth, Ninth, and Tenth Circuits convincing").  Accordingly, this Court should reject the Eighth Circuit's anomalous view here.

*Second*, *Cairns* was an appeal on a jury verdict, i.e., a full evidentiary record had been developed,[3] and thus a procedural posture with significantly different requirements than the pleading standard governing Defendants' Motion.  In this Circuit, Relator is only required to allege the "particular details of a scheme to submit

---

[2] As the Third Circuit recognized, adopting the "ordinary meaning" now endorsed by the Eighth Circuit would create the "incongruous result whereby 'a defendant could be convicted of criminal conduct under the [Anti–Kickback Statute] for paying kickbacks to induce medical referrals, but would be insulated from civil [False Claims Act] liability for the exact same conduct, absent additional proof that each medical decision was in fact corrupted by the kickbacks.'" *Greenfield*, Inc., 880 F.3d at 96 (brackets in original.  *Cairns* does not address this problem.

[3] The Eighth Circuit even explicitly acknowledged that "the government presented enough evidence on the 'essential elements' of the claim, including causation, to receive a new trial." Notice, Ex. A, at 14 n.3.

false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, at 998-9 (9th Cir. 2010) (citation omitted).  Relator has clearly done so here (*see* Opp. at 17-21 (Section IV.B.4)), and the *Cairns* decision is irrelevant to determining that the First Amended Complaint meets the requisite pleading standard in this Circuit.

Respectfully submitted,

**MILLER SHAH LLP**

Dated: August 12, 2022

/s/ *Chiharu G. Sekino*
Chiharu G. Sekino (SBN 306589)
Casey T. Yamasaki (SBN 335445)
Two Columbia Place, Suite 1140
1230 Columbia Street
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: cgsekino@millershah.com
           ctyamasaki@millershah.com


James E. Miller (SBN 262553)
Laurie Rubinow (admitted *phv*)
Miller Shah LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
           lrubinow@millershah.com


Jonathan K. Tycko (admitted *phv*)
Tycko & Zavareei LLP
828 L Street, NW, Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
Email: jtycko@tzlegal.com

1 | Monique Olivier (SBN 190385)
2 | Christian Schreiber (SBN 245597)
  | Olivier Schreiber & Chao, LLP
3 | 201 Filbert Street, Suite 201
  | San Francisco, CA
4 | Telephone: (415) 484-0980
5 | Email: monique@osclegal.com
  |        christian@osclegal.com
6 |
7 | *Attorneys for Plaintiff-Relator*