UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al. ex rel. Everest Principals, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES, et al.,<br><br>Defendants. | Case No.:  20cv286-W (MSB)<br><br>**ORDER DENYING PLAINTIFF-RELATOR'S MOTION FOR PROTECTIVE ORDER REGARDING DEFENDANTS' SUPPLEMENTAL 30(b)(6) NOTICE**<br><br>**[ECF NO. 170]** |

    This is a *qui tam* case, wherein Plaintiff-Relator, Everest Principals, LLC ("Relator") maintains causes of action against Defendants Abbott Laboratories, Abbott Laboratories Inc., Abbott Cardiovascular Systems Inc., and Abbott Vascular Inc. (collectively referred to as "Defendants" or "Abbott") on behalf of the United States of America and several states for violations of the federal False Claims Act ("FCA") and analogous state laws. (ECF No. 85 at 6.)

    The instant discovery dispute concerns Relator's Motion for a Protective Order ("Motion"), seeking protection from Defendants' May 21, 2025, Supplemental Notice of 30(b)(6) Deposition ("Supplemental Notice").  (See generally ECF No. 170.)  The Supplemental Notice provides that Defendants will take the continued 30(b)(6) deposition of Relator, to the extent the noticed topics relate to 100,000-plus allegedly

false claims identified by Relator on May 16, 2025. (ECF No. 170-3 at 3.) Relator moved for a protective order, arguing, among other things, that the Supplemental Notice seeks duplicative testimony and unduly burdens Relator. (ECF No. 170). After reviewing informal letter briefs lodged by the parties, the Court held an informal Discovery Conference on June 5, 2025. (ECF No. 167.) The Court indicated it would require the deposition to go forward; however, the witness could choose to split the deposition between two days. Following the conference, Relator requested an opportunity for formal briefing, and the instant Motion and Defendants' Opposition to Relator's Motion for Protective Order ("Opposition") followed. (ECF Nos. 170 & 173.) For the reasons explained below, the Court **DENIES** Relator's Motion.

## I.    BACKGROUND

### A. Factual Background

Relator is a limited liability company whose sole member was employed by Defendants as a Therapy Development Specialist in its Structural Heart Division from August 2015 to April 2017. (ECF No. 85 at 7.) Defendants are involved in the manufacturing and sale of medical devices, instruments, medications, and other health care products. (Id. at 8.) In the operative Third Amended Complaint ("Operative Complaint"), Relator summarizes its allegations as follows: "Defendants engaged in an unlawful, systematic, and nationwide scheme of paying kickbacks to physicians and hospitals in the form of, *inter alia*, patient referrals, patient practice building, free patient marketing service, honoraria for sham speaker programs, rewards in the form of clinical trial opportunities, marketing events and consulting services, free lavish meals, and cocktail parties, to induce physicians and hospitals to use Abbott's [cardiac medical device] for medical procedures performed on cardiac patients covered by [federal and state] healthcare programs, in violation of the FCA, [Anti-Kickback Statute ("AKS")], and analogous state laws and statutes." (Id. at 6–7.)

//
//

### B. Procedural History

Relator filed the original Complaint on February 14, 2020. (ECF No. 1.) After the United States reported that all named government entities declined to intervene in the litigation [ECF No. 8], Defendants filed their first Motion to Dismiss on July 29, 2021. (ECF No. 30.) Relator filed a First Amended Complaint ("FAC") on August 19, 2021, alleging causes of action on behalf of the United States and twenty-seven states, plus the District of Columbia. (ECF No. 35 at 6.) Defendants again moved to dismiss, arguing Relator failed to adequately allege presentment of a false claim, inducement of a false claim, causation with particularity, illegal kickbacks, and scienter related to the federal claims, and that the state law claims should be dismissed. (ECF No. 45 at 13–32.) The District Court found Relator's allegations sufficient for its federal claims, but dismissed the state law claims for failure to allege "with particularity how any false claims were submitted to each state identified in the FAC." (ECF No. 56 at 16.)

Relator filed a Second Amended Complaint ("SAC") on September 22, 2022, maintaining the federal claims and state law claims on behalf of twenty-five states and the District of Columbia. (ECF No. 57 at 6.) Defendants moved to dismiss the state law claims in the SAC, arguing Relator failed to state claims on which relief could be granted due to a lack of particularity. (ECF No. 59 at 12–21.) The District Court dismissed all state law FCA claims except for those pertaining to four states: California, Florida, Georgia, and New York. (ECF No. 62 at 4–9.) The District Court found Relator had sufficiently pleaded FCA claims in violation of these four states' laws. (Id.) Finally, Plaintiffs filed the operative Third Amended Complaint on May 23, 2023. (ECF No. 85.) Since issuing the original Scheduling Order in April 2023, the Court has granted four extensions on (1) November 17, 2023; (2) April 23, 2024; (3) October 4, 2024; and (4) January 22, 2025. (ECF Nos. 77, 120, 132, 137, 147.) In total, the fact discovery deadline was continued 500 days, from January 2, 2024, to May 16, 2025, and the expert discovery deadline has been continued 528 days, from May 14, 2024, to October 24, 2025. (Compare ECF No. 77, with ECF No. 147.)

## II. INSTANT DISCOVERY DISPUTE

**A. April 24, 2025, Discovery Order**

In April 2025, this Court addressed a dispute related to Defendants' Interrogatory No. 3, which asked Relator to: "[i]dentify each alleged false claim (as that term is used in the Complaint) that You allege Abbott presented or caused to be presented to either a federal or state government." (ECF No. 154-5 at 3.) Defendants sought a complete, unqualified response to Interrogatory No. 3 during fact discovery. (ECF No. 154-1.) Relator opposed this, arguing it should not be required to identify all allegedly false claims without the benefit of expert analysis. (ECF No. 155.) Following an informal Discovery Conference and formal briefing, on April 24, 2025, the Court issued a written Order requiring Relator to supplement its response to Interrogatory No. 3 by producing a complete list of allegedly false claims no later than May 16, 2025—the cutoff of fact discovery. (ECF No. 159.) The Court also permitted Defendants to "conduct fact discovery on any newly identified false claims by June 16, 2025." (Id. at 11.)

In reaching this conclusion, the Court found that the information requested in Interrogatory No. 3 was relevant under Federal Rule of Civil Procedure 26(b)(1). (Id. at 7–8.) Additionally, the Court found that the list of allegedly false claims was "factual information that should be produced during fact discovery." (Id. at 8.) Regarding Relator's argument that expertise was needed to identify this information, the Court found Relator did not adequately explain why its experts had not made sufficient progress on this work, "considering it began receiving claims data in August 2024" and received numerous extensions to the discovery schedule. (Id. at 8–11.) Thus, the Court concluded Relator had not met its burden to resist the requested discovery, and it ordered Relator to produce a complete list of allegedly false claims by May 16, 2025. (Id. at 11.)

**B. Relator's Newly Identified Claims and Defendants' Supplemental Notice**

Pursuant to the April Discovery Order, on May 16, 2025, Relator served a supplemental response to Defendants' Interrogatory No. 3 adding more than 100,000

new claims (hereinafter, "Newly Identified Claims"). (ECF No. 173 at 7.) On May 21, 2025, Defendants served a Supplemental Notice of 30(b)(6) Deposition, stating: "[Abbott] will take the continued deposition upon oral examination of [Relator] as to Topic Nos. 1, 2, 3, 4, 5, 6, 7, 8, 12, 13, and 21, to the extent such topics relate to the alleged false claims newly identified in Relator's May 16, 2025 Fifth Supplemental Objections and Responses to Defendants' Interrogatories." (ECF No. 170-3 at 3.) During meet-and-confer discussions, Relator indicated it would not put up a witness for another 30(b)(6) deposition. (ECF No. 173 at 7.) The parties attended a Discovery Conference with the Court on June 6, 2025, and this Motion and Opposition followed. (See ECF Nos. 167, 170, 173.)

### C. Relator's Motion

Relator asks the Court to "strike the Supplemental Notice and permit any further discovery related to the identification of the Newly Identified Claims to be provided through written interrogatory responses or expert testimony." (ECF No. 170-1 at 6.) First, Relator emphasizes it is a "single member LLC consisting solely of former Abbott employee, Lisa Knott." (Id. at 5.) Defendants deposed Ms. Knott in her individual capacity on April 29, 2025, and in her representative capacity via a 30(b)(6) deposition on May 15, 2025. (Id.) Because Ms. Knott has already been deposed for fourteen hours, Relator argues a "third deposition will result in 'unreasonably cumulative and duplicative' testimony and place an undue burden on Relator." (Id. (citing Fed. R. Civ. P. 26(b)–(c)).)

Specifically, Relator argues the Supplemental Notice seeks duplicative testimony because it only adds one new topic: Topic 21. (Id. at 8–9.) Ms. Knott has already been deposed twice on Topics 1–8, 12, and 13 of the Supplemental Notice. (Id. at 8.) To the extent Ms. Knott has knowledge related to the factual basis of the Newly Identified Claims, Relator contends it is the same as the factual basis she previously testified to during depositions or set forth in written discovery responses. (Id. at 8–9.) Moreover, Relator argues Topic 21 is unduly burdensome because it contains eleven subparts and

demands specific information about more than 100,000 Newly Identified Claims. (Id. at 10–11.) Relator contends it is impossible to prepare someone to testify regarding specific information "on more than 100,000 claims, including (but not limited to) the specific MitraClip kickback events, specific referrals generated, and every Healthcare Provider and Hospital Administrator involved." (Id. at 10.) Relator claims Defendants seek to harass Relator under the guise of Rule 30(b)(6). (Id. at 11.)

Finally, Relator states it does not contest that Defendants should be permitted to conduct discovery related to the Newly Identified Claims; it merely contests the use of another 30(b)(6) deposition as the proper method for this discovery. (Id. at 12–13.) Relator argues the information Defendants seeks is more properly provided through expert discovery or supplementing its interrogatory responses. (Id. at 12.) Furthermore, Relator says it provided Defendants with the methodology employed by Relator's experts in preparing the list of Newly Identified Claims. (Id. at 13.) In closing, Relator argues Ms. Knott "should not be subject to another seven hour deposition when Defendants can obtain the information through much less burdensome and more effective means." (Id. at 14.)

### D. Defendants' Opposition

Defendants respond by noting that on May 15, 2025, Abbott deposed "Relator's designee pursuant to Rule 30(b)(6) concerning, among other things, the factual bases for Relator's contention that the 3,773 claims Relator had challenged to that point were false." (ECF No. 173 at 7.) The next day, Relator served a supplemental response adding more than 100,000 Newly Identified Claims. (Id.) Put simply, Defendants contend they will be unfairly prejudiced if they are deprived 30(b)(6) testimony on the 100,000-plus Newly Identified Claims simply because Relator delayed the disclosure. (Id. at 5.)

First, Defendants argue Relator cannot establish undue burden or harassment. (Id. at 8–10.) Relator identified the Newly Identified Claims as false, Ms. Knott verified the claims under penalty of perjury, and Relator's lawyers signed off on the supplemental response. (Id. at 8.) Defendants contend it should not be difficult to

prepare a witness to explain why the Newly Added Claims are false if Relator did the "requisite diligence" when identifying the claims in the first place. (Id. at 9.) Or, if Relator cannot explain the factual basis for alleging the claims as "false," it should withdraw the supplemental response. (Id. at 9.) Further, Defendants argue Relator erroneously suggests 30(b)(6) depositions are limited to the deponent's personal knowledge, when in fact a 30(b)(6) deponent must testify as to all matters "reasonably available via its agents and otherwise, including its factual contentions." (Id. at 9–10.) Regarding Relator's contention that another deposition would harass Ms. Knott, Defendants respond that Relator can designate anyone who "consent[s] to testify on its behalf," even a hired actor. (Id. at 10 (citing Fed. R. Civ. P. 30(b)(6)).) Moreover, if Relator had added the new claims on May 14 rather than May 16, Defendants maintain they would have inquired about the Newly Identified Claims at the 30(b)(6) deposition on May 15. (Id.)[1]

 Next, Defendants argue that the Supplemental Notice does not seek duplicative testimony because Defendants did not know the Newly Identified Claims during the prior 30(b)(1) or 30(b)(6) depositions, and therefore Defendants could not test claims that had not been identified. (Id. at 11.) Further, Defendants argue Topics 1–8, 12 and 13 are not identical, because the Supplemental Notice calls for testimony only "**to the extent such topics relate to the alleged false claims** newly identified in Relator's May 16, 2025 [response]." (Id. (citing ECF No. 170-3 at 3) (alteration in original).) Defendants reiterate that their intended questioning goes beyond Ms. Knott's personal knowledge, and instead asks whether Relator has the "requisite factual basis" for the more than 100,000 Newly Added Claims. (Id. at 11–12.)

---

[1] Defendants also explain Relator was on notice about Abbott's intent to depose Relator on the Newly Identified Claims. (ECF No. 173 at 10 n.4.) In a May 14 brief filed with the Court, Defendants wrote that "Abbott intends to conduct additional questioning about the list of 3,773 claims at this week's Rule 30(b)(6) deposition of Relator itself" and that "[o]nce Abbott has the complete list, it will need to conduct follow-up deposition questioning." (ECF No. 163 at 23 n.5.)

Finally, Defendants assert a 30(b)(6) deposition is the most efficient way to test the Newly Identified Claims. (Id. at 12–14.) Written interrogatories on 100,000-plus Newly Identified Claims would likely result in objections and motion practice, restricting Defendants' ability to ask follow-up questions and drawing out discovery. (Id. at 12.) Similarly, expert depositions are insufficient because experts cannot testify as to Relator's factual contentions. (Id. at 13.) Because the Newly Identified Claims implicate procedures by more than 500 new physicians, Defendants argue it would be impossible to efficiently depose or serve discovery on 500-plus people. (Id. at 14.) Thus, under these circumstances, Defendants stress a 30(b)(6) deposition makes sense. (Id.)

### III.   APPLICABLE LAW

The Federal Rules of Civil Procedure[2] authorize parties to obtain discovery regarding any unprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; the requesting party "has had ample opportunity" to obtain discovery; or the discovery sought is beyond the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

Rule 30(b)(6) permits a party to provide notice of a deposition to a "public or private corporation, a partnership, an association, a governmental agency, or other

---

[2] All future references to the Rules refer to the Federal Rules of Civil Procedure unless otherwise noted.

entity." Fed. R. Civ. P. 30(b)(6). That organization is then required to "designate one or more officers, directors, or managing agents . . . to testify on its behalf . . . about information known or reasonably available to the organization." Id. Courts in this Circuit have emphasized that Rule 30(b)(6) imposes an affirmative duty of meaningful preparation on the corporate representative. See, e.g., Risinger v. SOC, LLC, 306 F.R.D. 655, 663 (D. Nev. 2015) (holding the 30(b)(6) designee's duty to prepare "goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved"); Bd. of Tr. of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd., 253 F.R.D. 524, 526 (C.D. Cal. 2008) (finding a designee must "review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition"). At the same time, courts acknowledge a 30(b)(6) witness is not expected to know the intimate details of every aspect of a business or dispute. See, e.g., United States v. HVI Cat Canyon, Inc., No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016) (holding a 30(b)(6) notice calling for at sixty-one topics "would make witness preparation a nearly impossible task"); Apple Inc. v. Samsung Elec. Co., No. C 11-1846 LHK PSG, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (noting a 30(b)(6) deposition " becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand").

Rule 26 permits a party to move the court for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking the protective order must make a strong showing of "good cause" before a party is denied the right to take a deposition. Id. See also Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Est. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002). See also Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) ("The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will

9
20cv286-W (MSB)

result from the discovery") (internal citations omitted).  "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning" will not satisfy the Rule 26(c) good cause standard.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (internal citations omitted).

## IV. DISCUSSION

Applying the legal standards set forth above, the Court finds Relator has not met its heavy burden for the issuance of a protective order because it has failed to demonstrate specific harm or prejudice that will result from a supplemental 30(b)(6) deposition.  See Fed. R. Civ. P. 26(c)(1); Phillips, 307 F.3d at 1210–11.  To the contrary, Relator's assertions resemble the sort of "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" that courts generally reject.  Foltz, 331 F.3d at 1130.

Relator's primary argument against the deposition is that it seeks duplicative testimony, as Defendants have already deposed Relator twice on Topics 1–8, 12 and 13.  (ECF No. 170-1 at 8–11.)  Further, Relator argues its sole member, Ms. Knott, does not have any additional personal knowledge related to the Newly Identified Claims that she has not already orally testified to or set forth in written discovery responses.  (Id.)  The Court disagrees with Relator's assertion that the existing discovery is sufficient for several reasons.  First, when Defendants took Ms. Knott's depositions on April 29 and May 15, 2025, Relator had not yet produced the more than 100,000 Newly Identified Claims.  Without this list, Defendants could not adequately question Ms. Knott about the doctors who submitted the Newly Identified Claims, their purported connection to the alleged kickbacks, or Relator's factual basis for identifying the claims as false.  As Defendants point out in their Opposition, "[i]f Relator had served its supplemental list on May 14 rather than May 16," Defendants could have inquired about the new claims at the 30(b)(6) deposition on May 15.  (ECF No. 173 at 5.)  Defendants' position is further supported by their May 14 filing, which warned Relator of their intent "to conduct follow-up deposition questioning" upon receipt of the "complete list" of

allegedly false claims.  (ECF No. 163 at 23 n.5.)  Thus, it would be unfair to penalize Defendants merely because Relator did not produce the Newly Identified Claims until the day after the initial 30(b)(6) deposition.

   Second, courts have rejected the argument that a 30(b)(6) deposition is unnecessary or cumulative simply because an individual has already testified about the same topics.  See, e.g., Corker v. Costco Wholesale Corp., No. C19-0290RSL, 2022 WL 92979, at *2 (W.D. Wash. Jan. 10, 2022) (allowing a single witness to be deposed as an individual and as an organizational representative under Rule 30(b)(6)); La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 487 (N.D. Cal. 2012) (explaining the distinction between testimony of an individual and testimony of a corporate entity).  In the context of a 30(b)(6) deposition, the deponent must be prepared to testify as to "information known or reasonably available to the organization."  See Fed. R. Civ. P. 30(b)(6).  However, the organization has flexibility to designate an officer, director, managing agent, or "other persons who consent to testify on its behalf."  Id.  Thus, Relator need not designate Ms. Knott as its 30(b)(6) witness, so long as the selected deponent can "become educated and gain the requested knowledge to the extent reasonably available."  Kelly v. Provident Life & Acc. Ins. Co., No. 04CV807-AJB BGS, 2011 WL 2448276, at *2 (S.D. Cal. June 20, 2011).  Relator did not object to the initial 30(b)(6) deposition on May 15, 2025—even though Ms. Knott had already been deposed in her individual capacity on April 29, 2025—which further cuts against Relator's objection to the supplemental 30(b)(6) deposition now.

   Third, notwithstanding Relator's argument that Defendants have already obtained testimony on Topics 1–8, 12 and 13, the Court finds the language of the Supplemental Notice is sufficiently distinct.  The Supplemental Notice expressly states it will take the continued deposition as to these topics "to the extent such topics relate to the alleged false claims newly identified" on May 16, 2025.  (ECF No. 170-3 at 3.)  It also adds Topic 21, which calls for "[t]he factual basis for Your identification of the Newly Identified Alleged False Claims."  (Id. at 8.)  Thus, the Supplemental Notice calls for testimony *only*

pertaining to the 100,000-plus Newly Identified Claims. See Mitchell Eng'g v. City & Cnty. of San Francisco, No. C 08-04022 SI, 2010 WL 455290, at *1 (N.D. Cal. Feb. 2, 2010) ("Even if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent, the questions asked and the answers given might not") (internal citations omitted). Moreover, while Relator might prefer the Newly Identified Claims be explored through other devices such as written interrogatories or expert discovery, Defendants may choose the method by which they conduct their own discovery. See Memory Integrity, LLC v. Intel Corp., 308 F.R.D. 656, 661 (D. Or. 2015) ("The Federal Rules of Civil Procedure generally allow a party to select the method or methods of discovery and the order of discovery methods used"). Many courts have held that live testimony from a witness subject to cross-examination is preferable to other discovery methods, which also weighs in Defendants favor. See Al Otro Lado, Inc. v. Wolf, No. 317CV02366-BAS-KSC, 2020 WL 4336064, at *4 (S.D. Cal. July 27, 2020) (collecting cases).

More fundamentally, Relator has not made a particularized showing of harm or prejudice to support a finding of good cause. Rivera, 364 F.3d at 1063. Relator generally argues that Defendants seek to harass Relator under the guise of Rule 30(b)(6), and it is impossible for a witness to "testify as to the factual specifics of 100,000 claims." (ECF No. 170-1 at 11.) As discussed above, Relator could have avoided a supplemental 30(b)(6) deposition by supplying the 100,000-plus Newly Identified Claims earlier. And if Relator has concerns about Ms. Knott sitting for another deposition, it has the option to designate a different 30(b)(6) witness. However, "[j]ust because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome." Cancino Castellar v. McAleenan, No. 3:17-CV-491-BAS-AHG, 2020 WL 1332485, at *6 (S.D. Cal. Mar. 23, 2020) (internal citations omitted). See also Bd. of Trs. of Leland Stanford Junior Univ., 253 F.R.D. at 526 ("[E]ven if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to be deposed") (internal citations omitted). Although it is undoubtedly time-consuming to prepare a

witness, time and effort alone is not sufficient to excuse a corporate entity from its obligations under Rule 30(b)(6).  Moreover, if Relator exercised diligence in compiling the list of Newly Identified Claims, then it should not be so onerous to prepare a witness to testify as to the factual basis of these claims.  Relator can protect its 30(b)(6) witness by raising appropriate objections at the deposition.  See Fed. R. Civ. P. 30(c)(2).

Lastly, the Court notes that some of the cases relied upon by Relator are easily distinguishable from the instant case due to the egregious numbers of deposition topics they involved.  See, e.g., Reno v. W. Cab Co., No. 218CV00840-APG-NJK, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020) (finding eighteen pages of broad deposition topics was excessive); Apple Inc., 2012 WL 1511901, at *2 (holding a 229-topic deposition notice was facially excessive).  Here, the Court does not believe that eleven topics is so overly broad to warrant a protective order, particularly where Relator added 100,000 new claims and has otherwise failed to articulate specific harm or prejudice.  See, e.g., Al Otro Lado, 2020 WL 4336064, at *3 (denying protective order where moving party failed to demonstrate the "time, expense, burden, or specific, non-speculative harm" that would result from a 30(b)(6) deposition); Kelly, 2011 WL 2448276, at *6 (denying protective order because the movant failed to meet its "burden of establishing that the areas of examination are so burdensome, cumulative, or duplicative so as to justify" precluding a 30(b)(6) deposition).

## V.     CONCLUSION

The Court finds Relator has not met its burden of establishing good cause for a protective order because it has not shown specific harm or prejudice that would result from a supplemental 30(b)(6) deposition.  Blankenship, 519 F.2d at 429; Rivera, 364 F.3d at 1063; Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 629 (C.D. Cal. 2005) (denying protective order where plaintiff "presented absolutely no evidence showing a specific and particular need" for protection).  The Court will not deprive Defendants of the opportunity to challenge the Newly Identified Claims, nor will it interfere with Defendants' preferred discovery method.  At the same time, the Court recognizes the

practical limitations of deposing a witness about more than 100,000 claims and strongly suggests Defendants focus their questioning on whether Relator has the requisite factual basis for the Newly Identified Claims.

Therefore, the Court **DENIES** Relator's Motion. (ECF No. 170.) Relator must produce a 30(b)(6) designee for deposition on a date[3] mutually convenient for Defendants' counsel, but in any event no later than **July 25, 2025**. Defendants may depose Relator's 30(b)(6) designee **only as to the Newly Identified Claims**.

**IT IS SO ORDERED**.

Dated: June 27, 2025

Honorable Michael S. Berg
United States Magistrate Judge

---

[3] The 30(b)(6) designee may choose to split the deposition between two days, not to exceed seven total hours.