UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al. ex rel. Everest Principals, LLC,<br>Plaintiffs and Relator,<br>v.<br>ABBOTT LABORATORIES, ABBOTT LABORATORIES INC., ABBOTT CARDIOVASCULAR SYSTEMS INC., and ABBOTT VASCULAR INC.,<br>Defendants. | Case No.: 3:20-CV-286 TWR (MSB)<br>**ORDER (1) OVERRULING RELATOR'S OBJECTIONS, AND (2) AFFIRMING MAGISTRATE JUDGE'S EXPENSES ORDER**<br>(ECF No. 233) |

Presently before the Court is Plaintiff-Relator Everest Principals, LLC's Objection to ("Obj.," ECF No. 233) Magistrate Judge Michael S. Berg's Order Granting in Part Defendants Abbott Laboratories, Abbott Laboratories Inc., Abbott Cardiovascular Systems Inc., and Abbott Vascular Inc.'s Motion for Expenses, ("MJ Order," ECF No. 229), as well as Defendants' Opposition to ("Opp'n to Obj.," ECF No. 252) and Relator's Reply in Support of ("Reply ISO Obj.," ECF No. 255) the Objection.[1] The Court decides the matter without oral argument pursuant to Local Rule 7.1(d)(1). Having carefully reviewed the Parties' arguments, the relevant law, and the record, the Court **OVERRULES** Relator's

[1] The Court also considers Defendants' Motion for Order for Expenses ("Mot.," ECF No. 189), as well as Relator's Opposition to ("Opp'n to Mot.," ECF No. 192) and Defendants' Reply in Support of ("Reply ISO Mot.," ECF No. 198) the Motion, for purposes of the present Order.

objections to Magistrate Judge Berg's Order Granting in Part Defendants' Motion for Expenses.

**BACKGROUND**[2]

The discovery request giving rise to the present dispute is Defendants' Contention Interrogatory No. 3, which required Relator to "[i]dentify each alleged false claim (as that term is used in the Complaint) that [Relator alleges] Abbott presented or caused to be presented to either a federal or state government." (*See* ECF No. 154-1 ("Mem. ISO Mot. to Comp. Disc.") at 2 (citing ECF No. 154-5 ("Rog. 3") at 3).) Throughout discovery, Relator maintained that identification of each alleged false claim is impossible without the completed statistical analysis of its expert witness, Dr. Genevieve Kanter. (*See* ECF No. 155 ("Opp'n to Mot. to Comp. Disc.") at 9–11.) Relator explained that Dr. Kanter's expert report was necessary due to the large amount of data-containing claims and Dr. Kanter's ability to determine a causal link between an individual claim and Defendants. (*See id.*) Thus, Relator argued that the deadline for identification of those claims should coincide with the deadline for production of Dr. Kanter's affirmative expert report, that is, 45 days after the deadline for fact discovery. (*See id.* at 11.)

Magistrate Judge Berg disagreed that the completed expert report was necessary to identify the false claims and entered an Order Granting Defendants' Motion to Compel Discovery (the "Discovery Order") on April 24, 2025. (*See* ECF No. 159 ("Disc. Order").) The Discovery Order mandated that Relator "supplement its response to Interrogatory No. 3 by producing a complete list of allegedly false claims no later than May 16, 2025." (*Id.* at 11 (emphasis omitted).) Upon entry of the Discovery Order, Relator directed Dr. Kanter to expedite her processing of the claims data to identify false claims. (*See* ECF No. 233-2 ("Parke Decl.") ¶ 5.) On May 16, 2025, Relator produced a list of approximately 120,000

---

[2] The Court summarizes the Parties' history of discovery disputes in prior orders, (*see, e.g.*, ECF Nos. 182, 159, 134), and incorporates that history by reference herein.

false claims that it and its counsel "honestly believed [] fully complied with the April Discovery Order." (*Id.* ¶ 6.)

After May 16, 2025—but before the production of Dr. Kanter's initial report—Relator decided with Dr. Kanter "to conservatively limit the false claims for which damages were sought because it wanted to present the most compelling causation methodology by limiting the relevant universe of false claims." (ECF No. 192-4 ("Kanter Decl.") ¶ 8.) When the Parties later exchanged their initial expert reports, Defendants observed that Relator had reduced the original number of claims by over 100,000 and added approximately 9,300 previously undisclosed claims. (*See* ECF No. 189-1 ("Mem. ISO Mot.") at 2–6.) Defendants thereafter filed a Motion for Order for Expenses, requesting $602,154.77 in attorneys' fees on the grounds that (1) Relator violated the Discovery Order or (2) Relator failed to timely supplement its response to Interrogatory 3 when Relator learned that its prior disclosure was materially incomplete or incorrect. (*See generally* Mot.) Defendants contended that Relator purposefully over-included allegedly false claims in its initial response, and that Relator's intent to not comply with the May 16, 2025, deadline was evident from the enormous change in the number of allegedly false claims at issue in its subsequent response on June 30, 2025. (*See generally id.*) Relator disputed the reasons for changes to the false claims at issue as well as the procedures necessary to identify the claims but did not dispute that the changes occurred. (*See generally* Opp'n to Mot.)

Ruling on Defendants' Motion for Expenses, Magistrate Judge Berg found that the only unnecessary work conducted by Defendants in response to Relator's productions was Defendants' Motion for Expenses, finding that the other work identified by Defendants was necessary regardless of Relator's production timing. (*See* MJ Order at 14.) He thus concluded that, although the rates charged by Defendants' attorneys were reasonable, the 86.7 hours Defendants spent preparing the Motion "far exceed[ed] a reasonable amount of time for such an endeavor." (*Id.* at 17–18.) Accordingly, Magistrate Judge Berg concluded 43.35 hours were reasonably spent on the Motion, resulting in total expenses of $48,680.87.

(*See id*. at 18–19.) He then deducted an additional ten percent to cure any potential over-billing and arrived at a final reasonable fee amount of $43,812.77. (*See id*. at 19.) In doing so, Magistrate Judge Berg declined to consider Defendants' alternative basis for a fee award (*i.e.*, that Relator failed to timely supplement its response to Interrogatory 3). (*See id.* at 19–20.)

**LEGAL STANDARD**

A party may file an objection to a magistrate judge's order on a pretrial matter that is not dispositive of a claim or defense within 14 days of being served a copy of the order. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636 (b)(1)(C). The district judge will uphold the magistrate judge's order unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636 (b)(1)(A). The Court applies the "clearly erroneous" standard to the magistrate judge's factual determinations and discretionary decisions, *see Grimes v. City and Cty. of San Franscisco*, 951 F.2d 236, 240 (9th Cir. 1991), which is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed. *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993); *Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). In reviewing a magistrate judge's legal conclusions, however, the Court applies the "contrary to law" standard. *See Medical Imaging Centers of America, Inc. v. Lichtenstein*, 917 F. Supp. 717, 719 (S.D. Cal. 1996).

Federal Rule of Civil Procedure 37(b)(2) governs sanctions and expense awards based on a violation of a discovery order. Under that Rule, if a party "fails to obey an order to provide or permit discovery" then the Court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to [such orders], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*. at 37(b)(2)(C); *see also Cervantes v. Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 1598219, at *4 (S.D. Cal.

/ / /

Apr. 11, 2019).[3] The party opposing the expense award has the burden of showing that its failure to comply is "substantially justified." Fed. R. Civ. P. 37(b)(2) advisory committee note (1970). Substantial justification is "satisfied if there is a genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1998) (internal citations and quotation marks omitted); *see also Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) (a "good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification'").

In the Ninth Circuit, Rule 37(b)(2)(C) sanctions are "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Fair Hous. Of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (citing *U.S. for the Use & Benefit of Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)); *see also Paterson v. Dunham*, 645 F. App'x 535, 536 (9th Cir. 2016) (citing *Fair Hous. Of Marin*, 285 F.3d at 905) (holding it was not an abuse of discretion to deny sanctions because "sanctions are only appropriate in extreme circumstances where the violation is due to willfulness, bad faith, or fault of the party"). "Disobedient conduct not shown to be outside of the litigant's control" generally satisfies this standard for sanctions. *See Fair Hous. of Marin*, 285 F.3d at 905 (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994)); *but see In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1248 n.19 (9th Cir. 2006) (recognizing "not all disobedient conduct is of the same order").

/ / /

---

[3] When a party violates a discovery order, the trial court has wide discretion to issue sanctions. *See Von Brimer v. Whirlpool Corp.*. 536 F.2d 838, 844 (9th Cir. 1976) ("By the very nature of its language, sanctions imposed under Rule 37(b) must be left to the sound discretion of the trial judge."); *see also Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1242 (9th Cir. 2016); *see also* S.D.Cal. CivLR 83.1.

## ANALYSIS

Relator objects to Magistrate Judge Berg's Order on two grounds: (1) the Order is clearly erroneous because Relator did not violate the Discovery Order, and (2) even if this Court determines Relator violated the Discovery Order, Relator's conduct was substantially justified or other circumstances cause the award of expenses to be unjust. (*See generally* Obj.) The Court addresses each in turn.

To begin, the Court acknowledges that the refinement of false claims at issue is not per se prohibited after the deadline for fact discovery. *See, e.g.*, *United States ex rel. Dougherty v. Guild Mortg. Co.*, 2020 WL 3542391, at *5 (S.D. Cal. June 30, 2020) (permitting expert analysis to specifically identify the relevant universe of false claims); *see also United States ex rel. Lutz v. Lab'y Corp. of Am. Holdings*, 2021 WL 7367121, at *1 (D.S.C. Feb. 3, 2021) (permitting Relator's experts to analyze claims data to determine "the specific claims" Relator's seek to hold Defendants liable for in the case). The problem with Relator's production methods, however, is grounded in timeliness and completeness—not with Relator's position that Dr. Kanter was required to identify the most accurate list of false claims.[4] (*See* Disc. Order at 8–10.) As Magistrate Judge Berg explained, allowing Relator to supplement its initial production "certainly did not mean a wholesale redefinition of the claims at issue[.]" (MJ Order at 12.) Accordingly, "[i]t is clear from the magnitude of the changes between the two lists that Relator's intentions were always to submit its complete list by the close of affirmative expert discovery on June 30, [2025,] and not the Court-ordered deadline of May 16, [2025]." (*Id.*)

/ / /

---

[4] The Court credits Dr. Kanter's sworn testimony that, as of June 30, 2025, she believed her report to rely solely on a subset of the false claims previously identified on May 16, 2025, until she learned in preparation for her deposition that approximately 9,300 false claims in her initial report had not previously been identified. (*See* Kanter Decl. ¶¶ 14–16.) Upon her investigation, Abbott's original set of procedure data lacked more than 500 health care providers who implanted relevant MitraClips, and Dr. Kanter supplemented her report accordingly on August 11, 2025. (*See* Kanter Decl. ¶ 16; *see also* ECF. No. 189-6 ("Kanter Suppl. Rep.").)

Finding that a violation of the Discovery Order did indeed occur, the Court next considers whether that violation was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(C). Arguing that it was substantially justified, Relator traces the years-long history of its efforts to compile all claims data relevant to its complaint as well as its receipt of that data only months before May 16, 2025, production deadline. (*See generally* Opp.) But the Court is unpersuaded. Magistrate Judge Berg concluded that Relator lacked substantial justification in violating the Discovery Order based on several grounds, including the fact that Relator had previously been granted significant extensions to the discovery schedule and the fact that the Court has previously overruled Relator's arguments with respect to needing Dr. Kanter's analysis to identify false claims. (*See* MJ Order at 13.) The Court also previously concluded that, given Relator's acknowledgement that most of the claims data was produced by November 2024, Relator had "ample time" to produce an identification of allegedly false claims by the production deadline. (*See id.* at 4 (citing ECF No. 182 at 7).) These facts are sufficient to support the conclusion that Relator was not substantially justified in its violations. The Court thus finds Magistrate Judge Berg's conclusion was not contrary to the law.

Relator further argues that its good faith efforts to work through Dr. Kanter's analysis of the claims data, as well as its compliance with updating the production to reflect changes in that process, weigh against an award of expenses. (*See* Obj. at 21.) Again, the Court is unpersuaded. Other facts exist to support Magistrate Judge Berg's identification of excessive extensions and delays to discovery both before and after that Discovery Order. For example, the overinclusive nature of the May 16, 2025, claims list—and Relator's failure to sufficiently narrow the list to alleged wrongdoing tied to Defendants—is revealed by the fact that nearly 90,000 of the May 16, 2025, identified claims were unrelated to the MitraClip procedure and included Medicare claims for procedures as unrelated as pneumonia, bowel procedures, and tendonitis. (*See* ECF No. 240-4 ¶¶ 81–85.) Accordingly, the Court finds Relator failed to show that other circumstances existed to

render the fee award unjust, and thus the Court finds Magistrate Judge Berg's conclusion is not contrary to the law.

## CONCLUSION

In light of the foregoing, the Court **OVERRULES** Relator's Objection to Magistrate Judge Berg's Order Granting in Part Defendants' Motion for Expenses (ECF No. 229).

**IT IS SO ORDERED.**

Dated: August 11, 2026

Honorable Todd W. Robinson
United States District Judge